UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**DOUGLAS WENDELL BUMP**                                                                          **PLAINTIFF**

v.                                                                                     **CIVIL ACTION NO. 4:15CV-P32-JHM**

**RON HERRINGTON** *et al.*                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Douglas Wendell Bump, a convicted prisoner currently incarcerated in the Henderson County Detention Center (HCDC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the following HCDC officers: Jailer Ron Herrington, Colonel Leslie Gibson, Captain Nancy Ankrom, Sgt. Cody Buckman, and Deputy Mary Hall. He sues all Defendants in their individual and official capacities with the exception of Jailer Herrington, whom he sues in only his official capacity. Plaintiff alleges that he was booked into the HCDC on November 13, 2014, and that Defendants were notified of his allergies. He reports, however, that he was served meals with "onions and/or garlic" on multiple occasions and that he required medical attention on four occasions. He claims that the "Jail and defendants refuse to serve me a safe diet" and specifically mentions that Defendant Buckman refused him a meal on at least one occasion. As relief, Plaintiff seeks monetary damages and for HCDC to "reorganize kitchen procedures."

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must perform an initial review of the complaint under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Although Plaintiff fails to identify the violation of any specific constitutionally protected or statutorily created right, the Court construes the action as asserting a claim that Defendants have failed to provide him with a safe diet under the Eighth Amendment to the U.S. Constitution. Because Plaintiff specifically mentions Defendant Buckman in relation to his claim, the Court will allow this claim to continue against Defendant Buckman in his individual and official capacities.

Plaintiff, however, has failed to state a claim against Defendants Gibson, Ankrom, and Hall in their individual capacities. Some factual basis for claims against a defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). A plaintiff must allege specific facts that explain how each defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendants Gibson, Ankrom, and Hall. As such, any claim against them must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

As to the official-capacity claims against Defendants Herrington, Gibson, Ankrom, and Hall, the Court will dismiss those claims without prejudice as redundant to the continuing official-capacity claim against Defendant Buckman.

Accordingly, for the foregoing reasons,

**IT IS ORDERED that Plaintiff's Eighth Amendment claim that he is being denied a safe diet will proceed against Defendant Buckman in his individual and official capacities.** In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome. The Court will enter a separate Scheduling Order governing the development of this claim.

**IT IS ORDERED** that the individual-capacity claims against Defendants Gibson, Ankrom, and Hall are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the official-capacity claims against Defendants Herrington, Gibson, Ankrom, and Hall are **DISMISSED without prejudice to the continuing official-capacity claim against Defendant Buckman**.

Date: March 23, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Henderson County Attorney
4414.005